Alexander C. Fergusson and John Fergusson, Copartners, trading as Fergusson Brothers, Appellants, v. The Anglo-American Telegraph Company, Limited.

*Telegraph Companies—Cipher message—Delay—Measure of damages.*

Where a telegraph message as delivered for transmission is unintelligible, except to the sender and the addressee, and the telegraph company has no information otherwise as to its character and purport, nor of its importance and urgency, the party injured by a mistake or delay in sending the message can recover of the company nothing more than nominal damages, or at the most the price paid for transmission.

Argued March 23, 1896. Appeal, No. 412, Jan. T., 1895, by plaintiffs, from judgment of C. P. No. 2, Phila. Co., Sept. T., 1890, No. 19, on verdict for plaintiff. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and DEAN, JJ. Affirmed.

Assumpsit for breach of contract in delivering a telegraph message. Before PENNYPACKER, J.

The facts appear by the charge and the opinion of the Supreme Court.

The court charged in part as follows :

The suit is brought to recover damages for the failure to deliver in Liverpool a cablegram given by the plaintiffs here to the Western Union Telegraph Company, and by them handed over to the defendants for transmission.

It appears that there was an arrangement between the plaintiffs here and the telegraph company here and the correspondents of the plaintiffs abroad, Messrs. Bressler, Wachter & Co., that the parties should be known by the name of Octorara, and that messages backward and forward should be delivered in Liverpool to Messrs. Bressler, Wachter & Co. under the name of Octorara, and messages coming here should be delivered to the plaintiffs under that name. This, as you see, was a saving of expense to the parties, and was a very convenient arrangement, provided all of those who participated in it had the requisite knowledge as to what was meant by Octorara.

On the 15th of March, 1890, the plaintiffs gave to the Western Union Telegraph Company here a telegram containing the words, "Bewail boarish bewail bluster provided steamer Kingsdale," and that is interpreted to mean, "Purchase for our account fifty tons of Jarrow fifty-five to fifty-six per cent soda ash, fifty tons of Jarrow forty-eight per cent soda ash, provided shipment can be made per steamship Kingsdale."

This message reached Liverpool on the evening of March 15, and it is conceded that in the ordinary course of business it would have been delivered on that evening or the following morning. It was actually delivered to Messrs. Bressler, Wachter & Co. upon the 21st of March, some six days after.

It was the duty of the defendants, if they had knowledge who were the firm meant by the word Octorara, to deliver the message with due care and diligence. If you find that the delay was caused by their lack of due diligence or due care, your verdict will be for the plaintiff. If it was not due to such want of care or diligence, your verdict will be for the defendant.

In case you find for the defendant you will not be confronted with the question of damages. If, however, your determination of that question of fact is in favor of the plaintiffs, then it is my duty to instruct you as to what the measure of damage is.

[It is contended on the part of the plaintiff here that he is entitled to recover the loss of profits which resulted to him

upon the failure to receive the soda ash which he expected, and from the sale which he had actually made of that soda ash to parties here. I cannot, however, say to you that that is the measure of damage. The correct measure of damages, as I understand the law, is what the parties may reasonably be understood to contemplate at the time the contract was made as to the probable results of a failure to perform that contract.] [1]

To present a case which is somewhat extreme, but which will enable you, I think, to understand the principle involved in it, is this : Suppose a person here finding that one of you was going over to New York to-morrow should give you 10 cents to deliver a sealed letter to some agent of his there, and that you on going to New York to-morrow should either forget to deliver the message, or, finding that your time was less than you had supposed, should fail to deliver it, would it be reasonable for him afterward to say that that message contained a direction to his agent to buy real estate which would have resulted in a profit to him of $100,000 or $1,000,000 ? Would it not be reasonable if you are to incur any such liability as that, that information should be given to you as to the importance of the message which you are bearing and the amount involved in it?

This telegram, as you see, was like the sealed letter which disclosed nothing to the party carrying it. The words, " Bewail boarish bewail bluster," are meaningless.

[Now the law requires that where a liability of this kind is assumed that some information should be given to the carrier as to the responsibility which he is undertaking.] [2] There is no decision, so far as I know, of this question in Pennsylvania, but in the case of the Western Union Telegraph Company against Landis the then Chief Justice of the Supreme Court uses these words: " It seems reasonable that where damages are claimed for mere delay in delivery the face of the telegram ought to contain something to put the company upon its guard. A delay of a day, or even a few hours, might cause a heavy loss."

Following the intimation contained in this decision of the Supreme Court of Pennsylvania and the decisions of other courts elsewhere [I instruct you that in case you find for the plaintiffs in this case the measure of damage is the amount which was paid for the transmission of the telegram.] [3] It

appears that by admission of counsel it had been agreed that the amount paid for sending of this telegram was $2.52.

Verdict and judgment for plaintiffs for $2.52. Plaintiffs appealed.

*Errors assigned* were (1-3) above instructions, quoting them.

*M. Hampton Todd,* for appellants.—The measure of damages was the actual loss: United States Tel. Co. v. Wenger, 55 Pa. 262; Western U. Tel. Co. v. Stevenson, 128 Pa. 442; Western U. Tel. Co. v. Landis, 21 W. N. C. 38; Adams Ex. Co. v. Egbert, 36 Pa. 360; Relf v. Rapp, 3 W. & S. 21; Camden & Amboy R. R. v. Baldauf, 16 Pa. 67; Brown v. Camden & Atlantic R. R., 83 Pa. 316 ; Passmore v. U. Pass. Ry., 78 Pa. 238; N. Y. & W. P. Tel. Co. v. Dryburg, 35 Pa. 298 ; Wolf v. Western U. Tel. Co., 62 Pa. 83 ; Baldwin v. U. S. Tel. Co., 1 N. Y. 125; Willock v. Penna. R. R., 166 Pa. 184; Western U. Tel. Co. v. Reynolds, 77 Va. 173 ; Western U. Tel. Co. v. Fatman, 73 Ga. 285.

*Silas W. Pettit,* of *Read & Pettit,* for appellee.—The instruction of the trial judge as to the measure of damages was correct: Hadley v. Baxendale, 9 Exch. 341; Saunders v. Stuart, L. R. 1 C. P. D. 326 ; Candee v. Western U. Tel. Co., 34 Wis. 471; Daniel v. Tel. Co., 61 Texas, 452 ; Behm v. Tel. Co., 8 Bissell, 131; Western U. Tel. Co. v. Wilson, 32 Florida, 527 ; Western U. Tel. Co. v. Coggin, 68 Fed. Rep. 137; Tel. Co. v. Martin, 9 Ill. App. 587 ; Hart v. Tel. Co., 66 Cal. 579; Primrose v. Western U. Tel. Co., 154 U. S. 1.

Not only have the courts applied this strict rule with respect to the measure of damages to cipher messages, but also to ordinary messages which, upon their face, did not disclose the probable damages resulting from a delay in their delivery : Beaupré v. Pacific & Atlantic Tel. Co., 21 Minn. 155; U. S. Tel. Co. v. Gildersleeve, 29 Md. 232; Lowery v. Tel. Co., 60 N. Y. 198; Western U. Tel. Co. v. Reynolds, 77 Va. 173 ; Western U. Tel. Co. v. Fatman, 73 Ga. 285; U. S. Tel. Co. v. Wenger, 55 Pa. 262; Western U. Tel. Co. v. Landis, 21 W. N. C. 38.

The authority of Pennypacker v. Jones, 106 Pa. 237 ; Adams Express Co. v. Egbert, 36 Pa. 360 ; Relf v. Rapp, 3 W. & S. 21, and the other cases cited by the appellants upon the question of proximate damages, is not denied by the appellee. But it is respectfully submitted that the rule of Hadley v. Baxendale, which has been often approved by this court, renders it unnecessary in such a case as this to enter upon an investigation as to whether or not the damages claimed were the proximate result of the breach of the contract. For if, as is clearly the case, there was no expectation in the mind of defendant's agent of any such measure of damages as that claimed by plaintiffs in this case, it does not matter at all whether or not the damages which plaintiffs suffered were direct or remote.

OPINION BY MR. JUSTICE McCOLLUM, November 11, 1896 :

This was an action for damages caused by the failure of the defendant to deliver promptly a telegraph message written in cipher. The evidence was to the following effect : Plaintiffs, on March 15, 1890, sent two cable messages in cipher, addressed. to " Octorara," " Liverpool," the first of which ordered the purchase of fifty tons of soda ash, and the second ordered one hundred tons of the same, subject to shipment on the steamer Kingsdale. The first message was duly delivered to plaintiffs' agents, the second was not delivered until six days afterwards. The steamer Kingsdale had sailed in the meantime. The delayed message reads as follows : " Bewail boarish, bewail bluster, provided steamer Kingsdale " and was interpreted to mean " purchase for our account 50 tons jarrow 55–56 per cent soda ash, 50 tons jarrow 48 per cent soda ash, provided shipment can be made per steamship Kingsdale." The plaintiffs had contracted for a resale of the entire one hundred and fifty tons, and when the one hundred tons failed to arrive they were compelled to pay a higher price to fill their contract, and thereby lost $892.72. The plaintiffs claimed that this was the measure of damages, but the court confined it to the sum paid for transmission of the message. Was this ruling erroneous ? It seems that the question now presented has not been decided by this court. It has been frequently considered in many of the courts of our sister states and in England, and the great preponderance of authority is in accord with the ruling of the court below. The

rule on this subject is stated in 25 Am. & Eng. Ency. of Law, 842–3 as follows: "The rule already set out as to the measure of damages, confines the plaintiff's recovery in actions against the company for negligence, to such as may fairly be supposed to have been in contemplation of the parties, at the time of making the contract. This being true, it follows as a logical and necessary sequence that where the message as delivered for transmission is unintelligible, except to the sender or the addressee, and the company had no information otherwise as to its character and purport, nor of its importance and urgency, the party injured can recover of the company nothing more than nominal damages or at most the price paid for transmission. And this is the rule which has been adopted by the English and American courts almost without exception." Many decisions of the courts of this country and England are cited as sustaining the rule above stated. The numerous decisions of the courts of many states will be found to be opposed to the decisions of the courts of only three states, those of Virginia, Georgia and Alabama. Florida has recently reversed an earlier case and thus joined the majority of the states on this question. The reasons advanced in support of the decisions which support the ruling of the court below have been various, the one most commonly applied being the rule of Hadley v. Baxendale, 9 Exch. 341. It is earnestly contended by the appellants that the rule of Hadley v. Baxendale has no application to the case in hand, that the word "contemplate" is there used as contradistinguishing what is proximate and direct from what is remote and speculative, as in Pennypacker v. Jones, 106 Pa. 237, and Adams Express Co. v. Egbert, 36 Pa. 360. They also call our attention to the fact that the view of Hadley v. Baxendale contended for by the defendant has been unsuccessfully urged upon this court at least twice before, namely, in Telegraph Co. v. Wenger, 55 Pa. 262, and Telegraph Co. v. Landis, 21 W. N. C. 38, and that therefore this question is not an open one.

We do not concede that the rule of Hadley v. Baxendale has no application to this case, nor that the decision of this court in Telegraph Co. v. Wenger, or in Telegraph Co. v. Landis, is opposed to the ruling of the court below. The message in Telegraph Co. v. Wenger disclosed to the agent of the company the nature of the business to which it related, and there

was uncontradicted evidence that the sender "notified the operator that he would look to the company for damages if they failed in transmitting the message." In Telegraph Co. v. Landis there was enough on the face of the message ", to indicate to the operator that it referred to sheep, to be shipped to Philadelphia and their price." It was a case not of delay but of error in transmission, and PAXSON, J., speaking for this court said: "It seems reasonable that where damages are claimed for mere delay in delivery, the face of the telegram ought to contain something to put the company on its guard. A delay of a day or even a few hours, might cause a heavy loss." This suggestion is applicable to the case now before us and in harmony with the view taken in Abeles v. Western Union Telegraph Co., 37 Mo. Appeals, in which the court said : "Aside from the reasons which support the rule of damages in Hadley v. Baxendale, there is here a question of public policy to which we could not shut our eyes if we were in doubt upon the question. Upon any other rule, where a cipher dispatch is delivered to a telegraph company for transmission, and not translated to them, and there is a delay in delivering it or a total failure to deliver it, the door is open to unlimited fraud upon the company. The evidence of its meaning is entirely in the breast of the sender and person to whom it is sent. They may construct any meaning they choose, and upon the meaning thus constructed they may, by evidence which the company will be powerless to rebut, construct any fabric of facts on which to build an action for damages which they may see fit." That the measure of damages contended for by the appellants might produce such results is obvious. Under it a telegraph company may receive for transmission a cipher message which on its face is absolutely unintelligible to them, and was intended by the sender to be so, and for the slightest delay in transmitting it they may be charged with damages which cannot reasonably be supposed to have been in the contemplation of both parties when they received it. Surely such a message furnishes no tangible ground for an inference that it relates to an important business transaction, or that the slightest delay in the delivery of it might subject the company to liability for such damages as are claimed in this case. In Candee v. Western Union Tel. Co., 34 Wisconsin 471, DIXON, C. J., said: "It cannot be said

or assumed that any amount of damages or pecuniary loss or injury will naturally ensue or be suffered according to the usual course of things, from the failure to transmit a message, the meaning and import of which are wholly unknown to the operator. The operator who receives, and who represents the company, and may for this purpose be said to be the other party to the contract, cannot be supposed to look upon such a message as one pertaining to transactions of pecuniary value and importance, and in respect of which pecuniary loss or damages will naturally arise in case of his failure or omission to send it. It may be a mere item of news, or some other communication of trifling or unimportant character. Ignorant of its real nature and importance, it cannot be said to have been in his contemplation at the time of making the contract that any particular damage or injury would be the probable result of a breach of the contract on his part." To subject the company to the same liability for mistake or delay in the transmission of such a message that it might be subject to for a like mistake or delay in the transmission of an intelligible message would open the door to the perpetration of fraud, and disregard the well settled rule of Hadley v. Baxendale. We find nothing in Adams Express Co. v. Egbert or in Pennypacker v. Jones which can be considered as a repudiation or qualification of that rule, or in the way of its application to the case at bar. For the reasons above stated we concur in the ruling of the court below.

Judgment affirmed.